J-S03041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WARREN E. YERGER :
:
Appellant : No. 1673 EDA 2022

Appeal from the PCRA Order Entered June 8, 2022
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0002650-2013

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED MAY 23, 2023**

Warren E. Yerger (Yerger") appeals *pro se* from the order dismissing his untimely petition under the Post Conviction Relief Act ("PCRA").[1] We affirm.

Between 1989 and 1993, Yerger raped his stepdaughter and stepson on an almost daily basis, beginning when they were three- and four-years-old, on threat of violence. He also forced them to have sexual relations with each other and one of his two biological daughters, and severely beat his stepchildren's mother when she refused to participate in the abuse. Yerger also physically and emotionally abused his stepchildren. ***See Commonwealth v. Yerger***, 168 A.3d 319, 2017 WL 1041501 (Pa. Super. 2017) (unpublished memorandum at *2).

---

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

When the stepchildren's mother left him, Yerger gained custody of his two biological daughters. Yerger subjected those daughters to one and one-half decades of rape and other sexual abuse with the participation of his new wife, Leslie Yerger ("Leslie"), during the later years of that abuse. The abuse finally ceased when Yerger's daughters left home. *See Yerger*, 168 A.3d 319, 2017 WL 1041501 (unpublished memorandum at *2-3).

A jury convicted Yerger of 158 counts of rape, attempted rape, and related crimes. At sentencing, the trial court noted that the jury had heard the testimony of his conspirator, Leslie, and another woman who had been in a relationship with Yerger. The court imposed an aggregate sentence of 339 to 690 years of incarceration. *See id*. This Court affirmed Yerger's judgment of sentence. *See id*. On August 29, 2017, the Pennsylvania Supreme Court denied Yerger's petition for allowance of appeal. *See Commonwealth v. Yerger*, 170 A.3d 1020 (Pa. 2017).

Yerger filed a first PCRA petition which the PCRA court denied. Thirty-four days after the PCRA court dismissed his petition, Yerger filed a notice of appeal in this Court. While that appeal was pending, Yerger filed a second PCRA petition which the PCRA court dismissed. This Court quashed Yerger's appeal of denial of the first PCRA petition as untimely, *see Commonwealth v. Yerger*, 219 A.3d 212 (Pa. Super. 2019) (unpublished memorandum), and the Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Yerger*, 226 A.3d 565 (Pa. 2020).

On January 26, 2022, Yerger filed the instant PCRA petition, his third. Relevant to this appeal, Yerger claimed that his conspirator, Leslie, who pled guilty and testified against him at trial, wrote a letter to the Pennsylvania Attorney General in 2021 claiming the Commonwealth and her attorney coerced her false trial testimony. He alleged that he discovered the letter in 2022, the letter contained new facts, and he could not have discovered those facts sooner with the exercise of due diligence. *See* Yerger's PCRA Petition, 1/26/22, at 4-5.[2] The court issued a Notice of Intent to Dismiss the PCRA petition and Yerger filed a response. The PCRA court dismissed the petition. Yerger filed a timely notice of appeal and he and the PCRA court complied with Pa.R.A.P. 1925.[3]

On appeal, Yerger presents the following issue for our review:

Whether the [PCRA] erred when it ruled [Yerger's] PCRA [petition] was untimely filed and it did not have jurisdiction to entertain the petition?

Yerger's Brief at 4.

---

[2] The petition also argued that the letter established the Commonwealth's violation of **Brady v. Maryland**, 373 U.S. 83 (1963). *See* Yerger's PCRA Petition, 1/26/22, at 4-5.

[3] Concerning the claim at issue on this appeal, the trial court's opinion relied on the reasoning in its May 12, 2022 Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1) ("Notice of Intent to Dismiss") to explain its dismissal of that claim. *See* PCRA Court Opinion, 8/18/22, at 6.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any petition including a second or subsequent petition shall be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *See* 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Yerger's judgment of sentence became final on November 27, 2017, ninety days after the August 29, 2017 denial of his petition for Pennsylvania Supreme Court review when his time for filing a petition for writ of *certiorari* expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); ***see also*** U.S. Sup. Ct. R. 13.1. Yerger had until November 28, 2018 to file a facially timely petition, but did not file the instant PCRA petition until January 2022. Thus, Yerger's petition is facially untimely under the PCRA, precluding review of the merits of the issues raised in the petition unless he proves a time-bar exception. ***See Albrecht***, 994 A.2d at 1093.

Yerger's issue asserts that the PCRA court abused its discretion in finding that his serial PCRA petition was untimely filed and did not establish a time-bar exception, depriving the court of jurisdiction. Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

   (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

- 5 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). "The focus of the exception is on the newly discovered **facts**, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citation, quotations, and brackets omitted) (emphasis in original).

To obtain review of an otherwise time-barred claim, an appellant must also file his claim within one year of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2). To satisfy that independent requirement a petitioner must demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence, which requires him to take reasonable steps to protect his own interests. **See Commonwealth v. Cox**, 204 A.3d 371, 391 (Pa. 2019). This rule is strictly enforced. **See Commonwealth v. Monaco**, 996 A.3d 1076, 1080 (Pa. Super. 2010).

Yerger claims that in January 2021, as Leslie was about to be paroled, she wrote a letter to the Pennsylvania Attorney General in which she asserted that one month before one of Yerger's daughter's reported Yeager's and

Leslie's sexual abuse, Yeager and Leslie had told her that she had to make her own car and rent payments. *See* Yerger's PCRA Petition Exhibit "A." The letter also asserted that the prosecutor and her attorney coerced Leslie to testify falsely against Yerger. *See id*. Yerger claims that he filed his PCRA petition two days short of one year after the letter was written; he could not have discovered that information sooner, and Leslie had nothing to gain and everything to lose by making her assertions. *See* Yerger's Brief at 10-11.

The PCRA court found that Yerger did not establish new facts that were unknown to him or that he could not have discovered earlier through the exercise of reasonable diligence. *See* Notice of Intent to Dismiss, 5/12/22, at 7 n.1.[4]

After a review of the record, we determine that the PCRA court's factual findings have record support and that its legal conclusions are free of error. *See Ford*, 44 A.3d at 1194. Yerger did not demonstrate that he discovered

---

[4] The PCRA court also found that even if Yerger had invoked the new facts exception, his claim would be meritless. To prevail on an after-discovered evidence claim in a timely PCRA petition, an appellant must prove, *inter alia*, that the evidence is not being used solely to impeach credibility and would likely compel a different result. *See* Notice of Intent to Dismiss, 5/12/22, n.1 at 8, citing *Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004). The PCRA court found that the letter constituted recantation, the least reliable form of proof, would be used to impeach Leslie's credibility at trial and at her own guilty plea hearing, and was unlikely to compel a different result because none of the victims recanted their testimony and Yerger committed most of his crimes before he met Leslie. *See* Notice of Intent to Dismiss, 5/12/22 n.1 at 8.

and presented the alleged new facts that could not have been discovered with the exercise of due diligence. To the contrary, Yerger was well aware that Leslie had given prior statements to the police investigating the abuse that were not consistent with her trial testimony, had reached a plea agreement with the Commonwealth, and was expecting leniency based on her testimony. **See** N.T., 12/19/14, 83, 123-27. Moreover, Yerger raised similar claims concerning the Commonwealth's coercion of Leslie's perjured testimony in his first PCRA petition. **See** PCRA Petition, 10/6/17, at 6a[5] (alleging that Leslie gave false testimony in exchange for leniency). Thus, Leslie's letter is a new source of previously known information. **See Marshall**, 947 A.2d at 720.

Similarly, Yerger's **Brady** assertion fails. He did not demonstrate that the allegedly exculpatory information in the letter was not available to him or that he could not have discovered it with the exercise of reasonable diligence. **See Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (stating that newly-discovered time-bar claim based on **Brady** requires proof that the facts were not known to petitioner and could not have been known with the exercise of reasonable diligence). Finally, Yerger's assertion that Leslie had everything to lose and nothing to gain from the letter, even if it

---

[5] Yerger's numbered PCRA petition has interspersed unnumbered pages. For convenience, we designate the unnumbered page follow page 6, page 6a.

were true, would be irrelevant to his lack of due diligence in discovering the alleged new facts.

Because Yerger did not establish a valid time-bar exception, the PCRA court properly dismissed his petition as untimely.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2023

---

[6] The PCRA court also correctly explains that even if Yerger had established the existence of a time-bar exception, his claim would be meritless, given that Leslie's alleged recantation contradicts her sworn statements at her guilty plea and at Yerger's trial, none of the victims have recanted, and most of Yerger's abuse occurred before Leslie participated in his crimes. **See** Notice of Intent to Dismiss, 5/12/22, n.1 at 8.